# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| KEVIN REYNOLDS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | Case No. 18-1571 |
| v. ) | Judge Nora Barry Fischer |
| ) | |
| SLIPPERY ROCK UNIVERSITY OF PA; ) | |
| WILLIAM J. BEHRE, Ph.D., SRU President; ) | |
| PHILIP K. WAY, Ph.D., SRU Provost; ) | |
| HOLLY MCCOY, SRU Asst. Vice President; ) | |
| and PAUL LUEKEN, SRU Athletic Director, ) | |
| ) | |
| Defendants. ) | |
| ) | |

## **ORDER**

AND NOW, this 26th day of November, 2019, upon consideration of the Motion for Reconsideration of the Denial of the Motion to Compel or in the Alternative for Leave to Increase the Number of Allowable Document Requests by Two filed by Plaintiff Kevin Reynolds ("Plaintiff"), (Docket No. 44), and the Brief in Opposition filed by Defendants Slippery Rock University of PA, Dr. William J. Behre, Dr. Philip K. Way, Holly McCoy, and Paul Lueken ("Defendants"), (Docket No. 46),

IT IS HEREBY ORDERED THAT said Motion [44] is DENIED for the following reasons.

By way of background, more than two weeks after the close of discovery, Plaintiff moved for reconsideration of this Court's October 30, 2019 Order (Docket No. 41), which denied Plaintiff's motion to compel the disclosure of SRU's investigative report following the death of Jack Hill (hereinafter "Jack Hill report"). (Docket No. 44 at 1). In support of reconsideration, Plaintiff argues that his request for the SRU report was part of his original set of twenty-five "interrogatories" directed at Defendants. (*Id.* at 2). He further represents that although

Defendants' counsel promised Plaintiff that she would provide him with the report, she never did. (*Id.*)  Alternatively, Plaintiff seeks leave to make two additional document requests: (1) to obtain the Jack Hill report and (2) to obtain the deposition of Defendant Paul Lueken.  (*Id.* at 1-4).

Pursuant to this Court's Policies and Procedures, a motion for reconsideration must be filed within seven days of the order sought to be reconsidered.  *See Practices & Procedures of Judge Fischer*, § II.M.  This Court issued its order on October 30, 2019, but Plaintiff waited until November 15, 2019, to file his Motion for Reconsideration.  (Docket Nos. 41, 44).  Thus, Plaintiff's motion is untimely.  Further, Plaintiff has not even attempted to meet the standard for reconsideration, i.e., show an intervening change in the controlling law, the availability of new evidence which was not available when the court issued its order, or the need to correct a clear error of law or fact or to prevent a manifest injustice.  *See Max's Seafood Café ex-rel Lou-Ann, Inc. v. Quinteros*, 176 F.3d 669, 677 (3d Cir. 1999).  Instead, he is simply seeks a "second bite at the apple" by asserting an argument that he could have made previously.  *See Max's Seafood Café ex-rel Lou-Ann, Inc.*, 176 F.3d at 677 (3d Cir. 1999); *Jackson v. City of Philadelphia*, 535 F. App'x 64, 69 (3d Cir. 2013) (explaining "A motion for reconsideration is a limited vehicle used 'to correct manifest errors of law or fact or to present newly discovered evidence'").  Accordingly, Plaintiff's motion for reconsideration is denied.

Alternatively, Plaintiff seeks leave to file two additional requests for production.  (Docket No. 44).  This motion is also denied as untimely.  Again, discovery closed on October 30, 2019. (Docket No. 32).  The parties thereafter agreed to proceed to the next phase of litigation, and this Court issued a summary judgment scheduling order at their joint request.  (Docket No. 43). Additionally, as previously explained in this Court's October 30, 2019 Order, Plaintiff has failed to establish that the Jack Hill report is relevant to the case at hand or demonstrate that good cause

exists to exceed twenty-five requests for production. (Docket No. 41). As a result, Plaintiff's request for leave to serve additional requests for production is denied.

*/s Nora Barry Fischer*
Nora Barry Fischer
Senior United States District Judge

cc/ecf: All counsel of record